UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AMERICAN TOWERS LLC, f/k/a AMERICAN :
TOWERS, INC., GLOBAL TOWER ASSETS, LLC, :
: Case No. 16-CV-4997(NRB)(DCF)
Plaintiffs, :
vs. :
:
: **JURY TRIAL DEMANDED**
PILOSOFT INC., AB SERVICES LLC, WINDY :
APPLE TECHNOLOGIES LLC, ALEKSANDR :
PILOSOV a/k/a ALEX PILOSOV. :
:
Defendants. :
------------------------------------X

## AMENDED COMPLAINT

AMERICAN TOWERS LLC, f/k/a AMERICAN TOWERS, INC. ("American Towers") and GLOBAL TOWER ASSETS, LLC ("Global Tower")(collectively the "Plaintiffs"), by their attorneys Locke Lord LLP, as and for its complaint against defendants PILOSOFT INC. ("Pilosoft"), AB SERVICES LLC ("AB Services"), WINDY APPLE TECHNOLOGIES LLC ("Windy Apple") and ALEKSANDR PILOSOV a/k/a ALEX PILOSOV ("Pilosov")(collectively the "Defendants") allege as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising out of a series of license agreements for the use of wireless communications towers.

2. American Towers licensed the use of nine towers to Defendant Pilosoft, who later assigned these tower licenses to Defendant AB Services. American Towers consented to the assignments based on a guarantee provided to it by Defendant Windy Apple.

3. Global Tower licensed the use of a rooftop area to Defendant AB Services pursuant to a rooftop license agreement.

1

4. Defendants AB Services and Pilosoft then defaulted on all of these licenses by failing to pay American Towers and Global Tower the money owed under those contracts. At the same time, Defendant Windy Apple defaulted under the guarantee, by failing to cure AB Services' breach of the tower licenses.

5. Pilosoft, AB Services and Windy Apple are or were all owned and operated by Defendant Pilosov.

6. All Defendants are still in default under their respective contracts.

## PARTIES

7. Plaintiff American Towers LLC f/k/a American Towers, Inc., is a limited liability corporation formed under the laws of the state of Delaware, with its principal place of business at 116 Huntington Avenue, Boston, Massachusetts 02116. All of the members of American Towers are citizens of Delaware and Massachusetts. American Towers operates communications towers throughout the United States and is a wholly-owned subsidiary of American Tower Corporation, an independent owner, operator and developer of communications real estate.

8. Plaintiff Global Tower is a limited liability company formed under the laws of the state of Delaware, with its principal place of business at 116 Huntington Avenue, Boston, Massachusetts 02116. All of the members of Global Tower are citizens of Delaware and Massachusetts. Global Tower assists wireless companies with locating and constructing wireless communications towers.

9. Upon information and belief, Defendant Pilosov is the President of Windy Apple, President and/or Owner of Pilosoft, and Managing Principal of AB Services, who, on information and belief, resides at 71 Broadway, Apt. 4J, New York, New York 10006.

10. Defendant AB Services is a Nevada limited liability company with its principal place of business at 228 Park Avenue South, Suite 92678, New York, New York 10003. Upon information and belief, the only member of AB Services is Defendant Pilosov, who resides in New York, New York.

11. Defendant Windy Apple is a Nevada limited liability company with its principal place of business at 228 Park Avenue South, Suite 92678, New York, New York 10003. Upon information and belief, the President and only member of Windy Apple is Defendant Pilosov, who resides in New York, New York.

12. Defendant Pilosoft is a New York domestic business corporation that was dissolved by proclamation of the New York Secretary of State on April 27, 2011 for failure to pay franchise taxes and/or failure to file franchise tax returns. Upon information and belief, Pilosoft has not been reinstated since April 27, 2011 but has continued to operate. Upon information and belief, Pilosoft has had principal places of business at 83-60 118th Street, Suite 7G, Kew Gardens, New York 11415, 55 Broad Street, Room 29B, New York, New York 10004 and 228 Park Avenue South, New York, New York 10003. Upon information and belief, Defendant Pilosov was or still is the CEO of Pilosoft.

## JURISDICTION AND VENUE

13. The parties' citizenship is completely diverse and the amount in controversy well exceeds the sum of $75,000.00, exclusive of interest and costs. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because at least one defendant resides in this district and all defendants are residents of the State of New York.

NY 819099v.4

## FACTS

**Tower Licenses**

15.American Towers is a provider of wireless communications infrastructure, offering services to deploy and support wireless networks throughout the country.

16.American Towers offers a variety of wireless infrastructure solutions, including towers, Distributed Antenna System networks, backup power systems, project management and site development services.

17.As part of its operations, American Towers often licenses the use of wireless communications towers it owns.

18.American Towers' license agreements allow licensors to use the towers for transmitting and receiving frequencies, in exchange for, among other things, a monthly license fee.

19.Between July 28, 2010 and August 9, 2010, American Towers entered into nine License Agreements (the "Tower Licenses") with Defendant Pilosoft, concerning nine different towers around the country.  Pilosoft is an entity that is, or was, controlled by Defendant Pilosov, and Pilosov executed all Tower Licenses on behalf of Pilosoft.

20.Under the Tower Licenses, American Towers agreed to allow Pilosoft to use its towers in exchange for Pilosoft's payment of a monthly license fee plus other costs and interest.

21.The name of each tower and the date each Tower License was signed is described below:

a.The "Bowker" Tower, dated July 28, 2010.

b.The "Larue" Tower, dated July 30, 2010;

c.The "Chesterville I-71," dated July 30, 2010;

NY 819099v.4

    d.      The "Bloomingdale (OH)" Tower, dated August 9, 2010;

    e.      The "Millwood OH" Tower, dated August 18, 2010;

    f.      The "Gilmore OH" Tower, dated August 17, 2010;

    g.      The "Lynnport" Tower, dated August 9, 2010;

    h.      The "Newport PA" Tower, dated August 9, 2010;

    i.      The "MCI Sparta NJ" Tower, dated August 9, 2010.

22.    Each Tower License contains a "Default" clause, which provides, among other things, that "any failure of the Licensee to pay the Monthly Fee, or any other charge for which Licensee has the responsibility of payment under this Agreement, within 10 Business Days of the date following written notice to Licensee from Licensor…of such delinquency" constitutes a default.

**Rooftop License**

23.    Global Tower is an entity that assists federally licensed providers of wireless communications services to identify and acquire appropriate sites for the development and construction of wireless communications towers.

24.    On August 23, 2010, Defendant AB Services, another entity controlled by Defendant Pilosov, entered into a Rooftop License Agreement ("Rooftop License") whereby Plaintiff Global Tower was the beneficiary of certain monetary obligations under the Rooftop License. Pilosov executed the Rooftop License on behalf of AB Services.

25.    In the Rooftop License, Defendant AB Services was granted a non-exclusive license and right to use certain areas, including the roof, of the building located at 200 East Randolph Street, Chicago, Illinois for the transmission and reception of communications signals pursuant to certain radio transmitting and receiving dish antenna.

26. The Rooftop License includes a section entitled "Event of Default," which defines a default as, among other things, the Licensee's failure "to pay when due any License Fee or other monetary obligation…to be paid by Licensee within ten (10) days after the date same is due…"

27. On April 27, 2011, the New York Secretary of State dissolved Defendant Pilosoft by proclamation. Accordingly, the New York Department of State business records website presently lists Pilosoft as "inactive."

**The Guaranty**

28. In March of 2013, Defendant Windy Apple, another company controlled by Pilosov, executed and delivered a Guaranty of Site Agreements (the "Guaranty") to American Towers. Pilosov executed the Guaranty on behalf of Windy Apple.

29. In the Guaranty, Windy Apple "unconditionally, irrevocably and absolutely" guaranteed to American Towers the "full, prompt and complete" payment by AB Services under the Tower Licenses.

30. Windy Apple delivered the Guaranty to American Towers to induce American Towers to allow Pilosoft to assign its rights under the Tower Licenses to AB Services.

**The Assignment**

31. On May 1, 2013, Pilosoft and AB Services entered into an Assignment and Assumption of Lease and Consent Agreement (the "Assignment Agreement"), whereby Pilosoft "transfer[ed], assign[ed] and set[] over to [AB Services] all right, title and interest" of Pilosoft to the Tower Licenses, and AB Services accepted the assignment and agreed "to make all future payments as they come due under the [Tower Licenses]…" Pilosov executed the Assignment Agreement on behalf of both Pilosoft (as President) and AB Services (as Managing Principal).

32. On May 15, 2013, relying on the Guaranty, American Towers executed a Consent to Assignments agreement (the "Consent"), permitting Pilosoft to assign the Tower Licenses to AB Services.

33. Pilosoft then assigned its rights under the Tower Licenses to AB Services.

**The Defaults**

34. On or about March 1, 2014, AB Services defaulted under the terms of the Rooftop License by failing to pay the amounts due and owing to Global Tower.

35. On or about April 1, 2014, AB Services defaulted under the terms of the Tower Licenses by failing to pay the amounts due and owing to American Towers.

36. On February 17, 2015, American Towers sent a Notice of Default letter to AB Services, c/o Defendant Pilosov, alerting AB Services and Pilosov that AB Services was in default under the Licenses. The Notice of Default demanded payment from AB Services of amounts past due.

37. Neither AB Services nor Pilosov responded to the Notice of Default in any way.

38. On March 17, 2016, American Towers and Global Tower, through their attorneys, sent a Demand Letter to Pilosoft, AB Services and Windy Apple – with attention to Pilosov on behalf of each entity – demanding payment of the amounts due and owning under the Tower Licenses, the Rooftop License and the Guaranty within 10 business days of the date of the letter.

39. Neither Pilosoft, AB Services, Windy Apple nor Pilosov responded to the Demand Letter by remitting the payment demanded therein.

40. In fact, none of these Defendants have responded in any way, and as such their default under the Tower Licenses, the Rooftop License, and the Guaranty is continuing.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT (TOWER LICENSES)
## **AB SERVICES, PILOSOFT**

41. Plaintiffs restate, reallege and incorporate by reference all previous paragraphs.

42. Between July 28, 2010 and August 18, 2010, American Towers and Pilosoft entered into the Tower Licenses, nine separate, valid and binding contracts.

43. On May 15, 2013, American Towers and AB Services executed the Consent, in which American Towers agreed to allow Pilosoft to assign its rights under the Tower Licenses to AB Services.

44. By this agreement, AB Services became the licensee under the Tower Licenses and assumed all rights and obligations under those agreements.

45. AB Services breached the Tower Licenses by failing to pay money due and owing both when due, and when demanded by American Towers.

46. By virtue of Pilosov's control over both AB Services and Pilosoft, his execution of the Tower Licenses on Pilosoft's behalf, and his execution of the Assignment on behalf of both Pilosoft and AB Services, AB Services and Pilosoft are alter ego entities so that AB Services' breach of the Tower Licenses can be imputed to Pilosoft, the original signatory to the Tower Licenses.

47. American Towers has performed all of its obligations under the Tower Licenses.

48. As a result of AB Services and Pilosoft's breach of the Tower Licenses, American Towers has been damaged in an amount to be determined at trial, but believed to be at least $261,976.80, exclusive of additional interest, costs and attorneys' fees.

NY 819099v.4

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT (ROOFTOP LICENSE)
## AB SERVICES

49. On August 23, 2010, AB Services executed the Rooftop License, a valid and binding contract to which Global Towers was a valid third-party beneficiary.

50. AB Services breached the Rooftop License by failing to pay money due and owing both when due, and when demanded by Global Tower.

51. Golbal Tower has performed all of its obligations under the Rooftop License.

52. As a result of AB Services' breach of the Rooftop License, Global Tower has been damaged in an amount to be determined at trial, but believed to be at least $87,785.16, exclusive of additional interest, costs and attorneys' fees.

## THIRD CAUSE OF ACTION:
## BREACH OF CONTRACT (GUARANTY)
## WINDY APPLE

53. Plaintiffs restate, reallege and incorporate by reference all previous paragraphs.

54. On March 31, 2013, American Towers and Windy Apple Technologies LLC entered into the Guaranty, a valid and binding contract.

55. Under the Guaranty, Windy Apple agreed to cure any defaults by AB Services under the Tower Licenses.

56. AB Services defaulted under the Tower Licenses by failing to pay money due and owing both when due, and when demanded by American Towers.

57. Windy Apple has not cured AB Services' default under the Tower Licenses, and has therefore breached the Guaranty.

58. Plaintiffs have performed all of their obligations under the Guaranty.

59. As a result of the Windy Apple's breach of the Guaranty, American Towers has been damaged in an amount to be determined at trial, but believed to be at least $261,976.80, exclusive of additional interest, costs and attorneys' fees.

## FOURTH CAUSE OF ACTION:
## BREACH OF CONTRACT
## (TOWER LICENSES, ROOFTOP LICENSE, GUARANTY)
## <u>PILOSOV</u>

60. Plaintiffs restate, reallege and incorporate by reference all previous paragraphs.

61. Pilosov executed the Tower Licenses, the Rooftop License, and the Guaranty in his role as President and/or Owner of Pilosoft, Managing Principal of AB Services, and President of Windy Apple.

62. On information and belief, Pilosov exercised complete control over Pilosoft, AB Services and Windy Apple, so much so that he did not view these companies as separate entities.

63. Due to this complete control, the breaches of the Tower Licenses, the Rooftop License, and the Guaranty committed by AB Services, Windy Apple and Pilosoft should be imputed to Pilosov, personally.

64. As a result of Pilosov's breach of the Tower Licenses, the Rooftop License, and the Guaranty, American Towers and Global Tower have been damaged in an amount to be determined at trial, but believed to be at least $349,761.93, exclusive of additional interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs requests judgment as follows:

A. $261,976.80 exclusive of additional interest, costs and attorneys' fees for breach of the Tower Licenses and/or the Guaranty; and

B. **$87,785.16**, exclusive of additional interest, costs and attorneys' fees for breach of the Rooftop License; and

NY 819099v.4

      C.      legal fees and related expenses Plaintiffs incurred and continue to incur in this action; and

      D.      the costs of this action; and

      F.      for such other relief as the Court may deem just and proper.

Dated: June 20, 2016  
      New York, New York

Respectfully submitted,

LOCKE LORD LLP

*/s/ William D. Foley*

WILLIAM D. FOLEY (WF3492)  
JEFFREY KRAMER (JK1019)  
Brookfield Place  
200 Vesey Street, 20th Floor  
New York, NY 10281  
212-415-8600  
*Attorneys for Plaintiffs*